**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**QUADE EVERETT, an individual and
LAQUANDA EVERETT, as natural
mother of Quade Everett, a minor child,**

    **Plaintiffs,**

**v.**                                                 **CASE NO.: 8:14-cv-2508-T-36AEP**

**CITY OF ST. PETERSBURG, a municipal
corporation, BRIAN FERNANDEZ,
a former police officer, in his individual capacity,
and BRIAN PREST, a police officer,
in his individual capacity,**

    **Defendants.**

_____/

## ORDER

This cause comes before the Court on Plaintiffs' [Former] Counsel's Motion to Withdraw and Motion to Approve Attorney Fee Contract by Withdrawing Counsel and Memorandum of Law ("Motion") (Doc. 43), as well as Plaintiffs' Corrected Response to Discharged Plaintiffs' Counsel's Motion to Withdraw and Motion to Approve Attorney Fee Contract (Doc. 47). Upon review of the motion and response, and for the reasons that follow, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' former counsel's Motion.

Plaintiffs' former counsel, Attorney James A. Wardell ("Attorney Wardell"), moves for withdrawal from representation and requests approval of the contingency fee contract in place with his former client. The contingency fee contract deviates from Florida's Standard Bar Contingency Fee Contract set forth in Rule 4-1.4(f)(4) of the Rules Regulating the Florida Bar. Attorney Wardell submits the subject motion "in an abundance of caution" because, while

uncertain whether the contract would require this Court's approval, the contract may require court approval due to the fact that it may exceed the schedule set forth in Rule 4-1.5(4)(B)(i)(a).[1] Attorney Wardell admits that any dispute over fee entitlement, charging liens, fee division, or reasons for termination are premature—but claims his instant request is "unrelated" to any such disputes.

Plaintiff, by and through newly retained counsel, does not object to Attorney Wardell's motion to withdraw, but opposes his request for approval of the attorney fee contract. Plaintiff alleges Attorney Wardell was discharged, and contends there is no proposed agreement for the Court to approve since Attorney Wardell was terminated prior to the filing of his motion.

Attorney Wardell's request may be analytically distinguishable from fee entitlement disputes, charging liens, fee divisions or termination disputes, but it nonetheless is ancillary to such topics. Federal courts are Courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and, accordingly, the Court must decide whether it possesses the power to act on Attorney Wardell's request before it can actually do so.

Supplemental jurisdiction under 28 U.S.C. § 1367 has routinely been extended to fee disputes arising during the course of the principal proceedings. *See, e.g., Sweeney v. Athens Reg'l Med. Ctr.*, 917 F.2d 1560, 1565 (11th Cir. 1990); *Zaklama v. Mount Sinai Medical Center*, 906 F.2d 650 (11th Cir.1990) (adjudicating post-judgment attorneys' fees disputes under Florida law); *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981) ("[T]here is a long tradition of sustaining jurisdiction to determine fees due an attorney dismissed by a client in a pending action."); *Bruton v. Carnival Corp.*, 916 F. Supp. 2d 1262, 1265 (S.D. Fla. 2012). The ability of dismissed counsel to intervene under Federal Rule of Civil Procedure 24 has also been

---

[1] Attorney Wardell claims to have submitted a concurrent petition for approval in Circuit Court in Pinellas County, Florida.

recognized when a claimed interest exists. *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970). Indeed, it falls within the inherent authority of this Court to both "ensure that an attorney does not unethically extort fees from the client," *Sweeney*, 917 F.2d at 1565, and to "protect its officers" and the interests of those left unprotected by any litigating party. *Broughten*, F.2d at 882; *Gaines*, 434 F.2d at 54.

Nevertheless, resolution of this controversy, which is extraneous to the action's merits, may require substantial additional discovery, may have no effect on the integrity of the underlying litigation, may have no bearing on an important procedural or substantive right of any party currently in the action, *cf. Bruton*, 916 F. Supp. 2d 1at 1264-66, and, perhaps most importantly, could ultimately prove entirely mooted by the outcome of the case.[2] *See Budro v. Brown & Root, Inc.,* 109 F.R.D. 619, 620 (E.D. Tex. 1986) (denying a motion for intervention while noting that the contingency fee contract may be mooted by the verdict in the case).

Accordingly, it is herby

ORDERED:

1. Attorney Wardell's unopposed Motion is GRANTED. The Clerk of Court is directed to terminate Attorney James A. Wardell as counsel of record for the Plaintiff.
2. Attorney Wardell's Motion to approve the subject attorney fee contract is DENIED WITHOUT PREJUDICE to refiling pursuant to proper procedure. Attorney Wardell is granted leave to file for intervention, whereupon the Court will decide whether supplemental jurisdiction is appropriate under 28 U.S.C. § 1367, and, whether Attorney Wardell's requested relief is ripe for consideration.

---

[2] Besides the real possibility that Plaintiff may ultimately not prevail in her case, her recovery may be less than $1 million, which, as Attorney Wardell concedes, would moot his request for approval.

**DONE AND ORDERED** at Tampa, Florida this 7th day of May, 2015.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Attorney James A. Wardell