UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| QUADE EVERETT, an individual and LAQUANDA EVERETT, as natural mother of Quade Everett, a minor child,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF ST. PETERSBURG, a municipal corporation; BRIAN FERNANDEZ, a former police officer, in his individual capacity; and BRIAN PREST, a police officer, in his individual capacity,<br><br>    Defendants. | **EXHIBIT A**<br><br><br><br>Case No.: 8:14-cv-2508-T-36AEP |

**PLAINTIFFS' NOTICE OF SERVICE OF PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION TO DEFENDANT CITY OF ST. PETERSBURG**

**COMES NOW**, the Plaintiffs and through undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby propounds the attached First Request for Production, on Defendant, CITY OF ST. PETERSBURG to be responded to within thirty (30) days from the date of service hereof.

    **I.**    **INSTRUCTIONS AND DEFINITIONS**

    A.    Each document request herein seeks all information available to you, your attorneys or agents, and any other person acting on your behalf.  As to the manner of this production, Plaintiff specifies:

    (1)    that the documents and things shall be organized for production so as to correspond with the categories of this request;

    (2)    that the documents and things produced shall be numbered;

 (5) that Defendant's written response to this request shall, by reference to such numbers, accurately show what documents and things are being produced in response thereto; and

 (4) that the documents and things shall be then and there copies by Plaintiff or Plaintiff's attorneys to the extent such copying is desired.

Plaintiff's attorneys invite Defendant's attorneys to contact them if the above specified time or place is especially inconvenient or burdensome, so that mutually acceptable arrangements can be discussed.

 B. "Defendant," "you," "yours," "City" and "St. Petersburg Police Department" refers to the CITY OF ST. PETERSBURG collectively, its group, divisions, departments, its officers, board members, employees, associates, successors, agents, representatives (including attorneys and advisors), and any person acting or purporting to act in any manner for or on behalf of any of them, including any insurance providers/carriers which may have provided coverage for the events which form the basis of Plaintiff's claim.

 C. The term "Subject Incident" refers to the factual allegations set forth in Plaintiff's Amended Complaint including the time leading up to and following Officer Brian Fernandez discharge of his firearm at Quade Everett.

 D. "Plaintiff," "Plaintiffs," and "Quade Everett" refer to QUADE EVERETT, an individual and LAQUANDA EVERETT, as natural mother of Quade Everett, a minor child, the named Plaintiffs in the within suit.

 E. The term "officer" refers to any law enforcement personnel employed or working on behalf of the St. Petersburg Police Department.

   F. The word "thing" means any tangible item, which constitutes or contains matters within the scope of the Federal Rules of Civil Procedure.

   G. The word "document" as used herein is defined in the broadest sense permitted by the Federal Rules of Civil Procedure, and specifically includes but is not limited to copies of electronically stored information that is saved on computers, hard driver, disks, or other storage devices, as well as any letters, the original and any copy of any letters, reports, correspondence, records, minutes, agreements, audio tape recordings, transcriptions, memoranda, papers, stenographic or handwritten notes, writings, magnetic tapes, discs and other media, computer cards, tapes, printouts or other computer or machine readable records, notice recording, photographic pictures, slides, negatives, microfilm or microfiche, statistical compilations, projections, studies, publications, books, pamphlets, periodicals, inter-office or intra-office communications, telegraphs, applications, permits, charts, graphs, surveys, drafts, lists, accumulations of data, diaries, calendars, time-keeping records, telephone records or other memoranda of calls received, or tangible evidence of the occurrence or substance of oral communications, or any other written, recorded, transcribed, filed or graphic matter, however produced or reproduced, to which the Defendant has or had access.  Also included in the definition of documents as used herein are files, file folders, and books and their contents.  Accordingly, produce files, file folders, and books which are responsive hereto.  Produce such files, file folders, and books along with and containing their contents.

H. If the original of a document is within your possession, custody, or control. Any copy of a document on which any notation, addition, alteration, or change has been made is to be treated as constituting an additional original document.

I. The term electronically stored information should be provided in its native format.

J. If Defendant contends that any documents or other items responsive to Plaintiff's First Request for Production of Documents are privileged, note such a failure to produce as an objection to the request, comply with the request to the extent it is not subject to the objection, and for each document or item claimed to be privileged:

(1) Briefly describe the nature and contents of the matter claimed to be privileged;

(2) Identify the name, occupation and capacity of the individual from whom the privileged matter emanated;

(5) Identify the name, occupation and capacity of the individual to whom the alleged privileged matter was directed;

(4) State the date the alleged privileged matter bears; and

(5) Identify the privilege claimed.

## II.   DOCUMENT REQUESTS

1. Please produce a copy of each audio and/or video-taped witness/officer statement obtained during the investigation of Case # 2013-077371.

    RESPONSE:

2. Please produce a copy of each audio and/or video-taped witness/officer statement obtained during the Internal Investigation # 2013-029.

    RESPONSE:

3. Please produce a copy of every audio tape of any 911 call made regarding the Subject Incident.

   RESPONSE:

4. Please produce a copy of every audio tape of any communication involving Defendant Brian Fernandez from 6:00 a.m. December 23, 2013 until he left work, including but not limited to his radio contact with the communications division, dispatch and any other agent or employee of the St. Petersburg Police Department.

   RESPONSE:

5. Please produce a copy of every audio tape of any communication involving Defendant Brian Prest from 6:00 a.m. December 23, 2013 until he left work, including but not limited to his radio contact with the communications division, dispatch and any other agent or employee of the St. Petersburg Police Department.

   RESPONSE:

6. Please produce a copy of every audio tape of any communication concerning the shooting of Quade Everett on December 23, 2013, including but not limited to officer radio contact with the communications division, dispatch of any other agent or employee of the St. Petersburg Police Department.

   RESPONSE:

7. Please produce a copy of any video or audio of all, or part, of the Subject Incident, which has not previously been requested.

   RESPONSE:

8. Please produce a copy of any document reflecting the investigation of the Subject Incident which has not already been produced in response to pre-litigation public records requests.

   RESPONSE:

9. Please produce a copy of any forensic reports concerning the Subject Incident which have not already been produced in response to pre-litigation public records requests

   RESPONSE:

10. Please produce a copy of any offense report related to the Subject Incident on December 23, 2013 involving any third party.

    RESPONSE:

11. Please produce any copy of all emails and other correspondence between the St. Petersburg Police Department and the Pinellas County State Attorney's Office regarding the Subject Incident, including charges against any party hereto.

    RESPONSE:

12. Please produce the complete personnel file, internal affairs, and/or professional compliance files of Brian Fernandez.   The Plaintiff's request includes, but is not limited to:

    a) his pre-employment application(s), reference letters, educational transcripts;
    b) records depicting the departments reference check, pre-employment screening, background checks;
    c) medical screening, psychological, psychiatric or mental health testing and evaluations;

6

    d) any other item used to determine his fitness to become a police officer;
    e) any police academy records;
    f) complaints, disciplinary actions or internal review concerning his conduct while a police officer or at the police academy;
    g) performance evaluations while a probationary officer, solo probationary officer or police officer;
    h) records reflecting training he underwent, notes, memorandum, summaries, checklists and/or evaluations from any field training officer or supervisor;
    i) commendations, relating to his performance as an officer;
    j) criminal records;
    k) military history.

RESPONSE:


13. Please produce any Use of Force forms completed by Defendant Brian Fernandez during his employment with the St. Petersburg Police Department.

RESPONSE:


14. Please produce the complete personnel file, internal affairs, and/or professional compliance files of Brian Prest.  The Plaintiff's request includes, but is not limited to:

  a) his pre-employment application(s), reference letters, educational transcripts;
  b) records depicting the departments reference check, pre-employment screening, background checks;
  c) medical screening, psychological, psychiatric or mental health testing and evaluations;
  d) any other item used to determine his fitness to become a police officer;
  e) complaints, disciplinary actions or internal review concerning his conduct while a police officer or at the police academy;
  f) performance evaluations while a probationary officer, solo probationary officer or police officer;
  g) records reflecting training he underwent, notes, memorandum, summaries, checklists and/or evaluations from any field training officer or supervisor;
  h) commendations, relating to his performance as an officer;

    i) criminal records;
    j) military history.

    RESPONSE:

15. Please produce a copy of any policy of insurance, self-insurance agreement, and or insurance pool documentation for any coverage that provides or may provide benefits to the Plaintiffs as a result of the damages sustained in the Subject Incident giving rise to this litigation, including any and all declaration pages and addendum or amendments thereto.  This request included any and all excess or umbrella policies and their declaration pages as well.

    RESPONSE:

16. Please produce all activity reports/logs for Brian Fernandez from December 13, 2013 through December 30, 2013.

    RESPONSE:

17. Please produce all activity reports/logs for the direct supervisor of Brian Fernandez' at the time of the Subject Incident from December 13, 2013 through December 30, 2013.

    RESPONSE:

18. Please produce a copy of any document depicting assignments given to Brian Fernandez from December 20, 2013 through December 30, 2013 for the day shift.

    RESPONSE:

19. Please produce a copy of each day and night shift report for the St. Petersburg Police Department during the time frame of December 20, 2013 through December 24, 2013.

    RESPONSE:

20. Please produce a copy of a list or other document depicting the identity of probationary officers working with the St. Petersburg Police Department during the time frame of 2008 through 2013.

    RESPONSE:

21. Please produce a copy of a list or other document depicting the identity of any probationary officer terminated by the St. Petersburg Police Department during the time frame of 2008 through 2013.

    RESPONSE:

22. Please produce a copy of each document reflecting the St. Petersburg Police Department's Post-Academy Program in effect during 2013, including Standard Operating Procedures, General Orders, policies, manuals and/or guidelines.

    RESPONSE:

23. Please produce a copy of each document reflecting Defendant Brian Fernandez' participation in the St. Petersburg Police Department's Post-Academy Program for probationary officers, including but not limited to notes, test scores and/or instructor evaluations.

    RESPONSE:

24. Please produce a copy of any document containing changes to the St. Petersburg Police Department's Post-Academy Program for probationary officers since December 23, 2013.

    RESPONSE:

25. Please produce a copy of each document reflecting the St. Petersburg Police Department's Field Training Program in effect during 2013, including Standard Operating Procedures, General Orders, policies, manuals and/or guidelines.

    RESPONSE:

26. Please produce a copy of each document reflecting Defendant Brian Fernandez' participation in the St. Petersburg Police Department's Field Training Program, including but not limited to notes, test scores and/or instructor evaluations.

    RESPONSE:

27. Please produce a copy of any document containing changes to the St. Petersburg Police Department's Field Training Program for probationary officers since December 23, 2013.

    RESPONSE:

28. Please produce a copy of each document reflecting the solo probationary officer training and/or program with the St. Petersburg Police Department as of December 23, 2013, including Standard Operating Procedures, General Orders, policies, manuals and/or guidelines, which has not previously been requested.

    RESPONSE:

29. Please produce a copy of each document reflecting any limitations placed on solo probationary officers by the St. Petersburg Police Department as of December 23, 2013, which were not placed on non-probationary officers.

    RESPONSE:

30. Please produce a copy of each document reflecting Defendant Brian Fernandez' performance as a solo probationary officer with the St. Petersburg Police Department, including but not limited to notes, test scores and/or instructor evaluations, which have not previously been requested.

    RESPONSE:

31. Please produce a copy of any document containing changes to the St. Petersburg Police Department's training of solo probationary officers since December 23, 2013.

    RESPONSE:

32. Please produce a copy of any document evidencing the rank of Brian Fernandez as of December 23, 2013.

    RESPONSE:

33. Please produce a copy of any document evidencing the rank of Brian Prest as of December 23, 2013.

    RESPONSE:

34. Please produce a copy of any document evidencing the identity of the Field Training Officers assigned to train Brian Fernandez during his tenure with the St. Petersburg Police Department as a probationary officer.

    RESPONSE:

35. Please produce a copy of any document evidencing the identity of the Uniform Services Bureau sergeant assigned to supervise Brian Fernandez during his tenure with the St. Petersburg Police Department as a solo probationary officer, including but not limited to the date of the Subject Incident, December 23, 2013.

    RESPONSE:

36. Please produce a copy of each use of force form completed by any agent or employee of the St. Petersburg Police Department pertaining to a firearm discharge, whether accidental or intentional, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

37. Please produce a copy of each document reflecting the investigation of any agent or employee of the St. Petersburg Police Department related to the discharge of a firearm for the five (5) year period preceding the Subject Incident.

    RESPONSE:

38. Please produce a copy of each document reflecting discipline imposed on any agent or employee of the St. Petersburg Police Department related to the discharge of a firearm for the five (5) year period preceding the Subject Incident.

    RESPONSE:

39. Please produce a copy of each complaint, allegation or assertion that any agent or employee of the St. Petersburg Police Department used excessive force in apprehending a suspect, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

40. Please produce a copy of each document reflecting the investigation of any agent or employee of the St. Petersburg Police Department related to the allegation that excessive force was used in apprehending a suspect, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

41. Please produce a copy of each document reflecting discipline imposed on any agent or employee of the St. Petersburg Police Department related to the excessive use of force in apprehending a suspect, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

42. Please produce a copy of each complaint, allegation or assertion that an officer of the St. Petersburg Police Department used excessive deadly force by the use of a firearm in shooting at a moving vehicle, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

43. Please produce a copy of each document reflecting the investigation of any agent or employee of the St. Petersburg Police Department related to the allegation that excessive deadly force was used by shooting at a moving vehicle, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

44. Please produce a copy of each document reflecting discipline imposed on any agent or employee of the St. Petersburg Police Department related to the excessive use of deadly force by shooting at a moving vehicle, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

45. Please produce a copy of any St. Petersburg Police Department policy, procedure, manual, guideline or other document in effect during 2013 concerning voluntary or mandatory firearms training for officers and/or probationary officers.

    RESPONSE:

46. Please produce a copy of any St. Petersburg Police Department policy, procedure, manual, guideline or other document in effect during 2013 concerning the discharge of a firearm at a moving vehicle.

    RESPONSE:

47. Please produce a copy of any training material (including documents, video or audiotapes) concerning the use of deadly force, inclusive of shooting at moving

vehicles that Defendant required its officers and/or probationary officers to attend in 2013.

RESPONSE:

48. Please produce a copy of any document depicting that Brian Fernandez underwent firearms training on the use of deadly force involving moving vehicles while employed by the St. Petersburg Police Department.

RESPONSE:

49. Please produce a copy of any report, memo or finding indicating the need to provide additional training on the use of deadly force involving moving vehicles to the agents or employees of the St. Petersburg Police Department, for the five (5) year period preceding the Subject Incident.

RESPONSE:

50. Please produce a copy of any policy, procedure, or guideline regarding decisional firearms use and/or judgmental shooting [shoot-don't shoot] scenario based training in effect as of December 23, 2013.

RESPONSE:

51. Please produce a copy of any training material (including documents, video or audiotapes) depicting decisional firearms use and/or judgmental shooting [shoot-don't shoot] scenario based training that Defendant required its officers and/or probationary officers to attend in 2013.

RESPONSE:

15

52. Please produce a copy of any document evidencing that Brian Fernandez received decisional firearms use and/or judgmental shooting [shoot-don't shoot] scenario based training while employed with the Defendant.

    RESPONSE:

53. Please produce a copy of any document containing complaints, criticisms or assertions that officers of the Defendant lacked training on decisional firearms use and/or judgmental shootings [shoot – don't shoot], for the five (5) year period preceding the Subject Incident.

    RESPONSE:

54. Please produce a copy of any report, memo or finding indicating the need to provide additional decisional firearms use and/or judgmental shooting [shoot-don't shoot] based training to the officers of the St. Petersburg Police Department, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

55. Please produce a copy of any policy, procedure, or guideline regarding the rendering of emergency medical treatment by officers of the Defendant in effect as of December 23, 2013.

    RESPONSE:

56. Please produce a copy of any material (including documents, video or audiotapes) depicting training that Defendant required its officers and/or probationary officers to attend in 2013 pertaining to the rendering of emergency medical treatment.

    RESPONSE:

57. Please produce a copy of any document depicting that Brian Fernandez underwent training pertaining to the rendering of emergency medical treatment while employed by the St. Petersburg Police Department.

    RESPONSE:

58. Please produce a copy of any document depicting that Officer Brian Prest underwent training pertaining to the rendering of emergency medical treatment while employed by the St. Petersburg Police Department.

    RESPONSE:

59. Please produce a copy of any document containing complaints, criticisms or assertions that officers failed to render emergency medical treatment, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

60. Please produce a copy of any document discussing the need to provide training regarding the provision of emergency medical treatment to the officers of the St. Petersburg Police Department, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

61. Please produce a copy of any policy, procedure, or guideline regarding requesting emergency medical personnel to incident scenes by officers in effect as of December 23, 2013.

    RESPONSE:

62. Please produce a copy of any tangible material (including documents, video or audiotapes) depicting training that Defendant required its officers/probationary officers to attend in 2013 pertaining to requesting emergency medical personnel to incident scenes.

    RESPONSE:

63. Please produce a copy of any document depicting that Brian Fernandez underwent training on requesting emergency medical personnel to incident scenes while employed by the St. Petersburg Police Department.

    RESPONSE:

64. Please produce a copy of any document depicting that Officer Brian Prest underwent training on requesting emergency medical personnel to incident scenes while employed by the St. Petersburg Police Department.

    RESPONSE:

65. Please produce a copy of any document containing complaints, criticisms or assertions that officers failed to timely request emergency medical personnel to incident scenes, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

66. Please produce a copy of any document discussing the need to provide training regarding the provision of emergency medical treatment to the officers of the St. Petersburg Police Department, for the five (5) year period preceding the Subject Incident.

    RESPONSE:

67. Please produce a copy of any expert report, recording, photograph, diagram, or other material which has been obtained from any expert.

    RESPONSE:

68. A curriculum vitae or resume of each individual whom you intend to call as an expert witness at the trial of this case.

    RESPONSE:

69. All documents identified in your answers to interrogatories.

    RESPONSE:

In support of this Request for Production, it is shown that the documents and/or materials being here requested are believed to be in the possession, custody and/or control of the party to whom this request is directed. The information sought by this request is relevant to the subject matter of this action and cannot be otherwise obtained without undue hardship. In the event that all or part of the documents and/or materials here requested are

not in the possession and control of the above addressee, then the undersigned counsel further requests the identity of the location of all persons having such possession and control. This request is made in good faith and for the purpose herein expressed.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via electronic mail to: Joseph P. Patner, Esq., Assistant City Attorney for St. Petersburg, P.O. Box 2842, St. Petersburg, FL 33731 at Joseph.patner@stpete.org, eservice@stpete.org. This 14th day of August, 2015.

GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.L.C.
Lorenzo Williams, Esquire
Florida Bar No. 249874
Debra S. Nolan, Esquire
Florida Bar No. 0638821
Counsel for Plaintiffs
221 S.E. Osceola Street
Stuart, FL 34994
(T)   772-283-8260
(F)   772-219-3365
lw@williegary.com
dsn@williegary.com

BY:   /s/*Debra S. Nolan*
        Debra S. Nolan, Esquire
        For the Firm